**In the United States Bankruptcy Court**
**For the Northern District of Illinois, Eastern Division**

| | | |
|---|---|---|
| In Re: | ) | Chapter 13 |
|    Emily A. Stephens, | ) | Case 12-26747 |
|       Debtor. | ) | Judge Jack B. Schmetterer |
| | ) | |
| Emily A. Stephens, | ) | Adversary Case 12-01150 |
|       Plaintiff, | ) | |
|         v. | ) | |
| Bank of America, | ) | |
|       Defendant. | ) | |

## Findings of Fact and Conclusions of Law.

On July 25, 2012, an Adversary Complaint was filed by Emily A. Stephens, the Plaintiff in this adversary action and Debtor in the voluntary bankruptcy case before this Court. The Court, being fully advised in the premise, and having entered an Order of Default, now enters the following Findings of Fact and Conclusions of Law and separately enters judgment in favor of Plaintiff in this matter.

1. This Honorable Court has jurisdiction pursuant to § 157 and § 1334 of Title 28, U.S.C., and this matter is a core proceeding within the meaning of § 157(b)(1) and (2) of Title 28, U.S.C.

2. Venue is proper pursuant to § 1409 of Title 28, United States Code.

3. The Plaintiff is the owner of the real property with parcel number 03-15-405-005-0000, commonly known as 807 N. Maple St., Prospect Heights, IL 60070. The property is the Plaintiff's primary residence.

4. A Comparative Market Analysis was conducted by Jeane Williams and Patty Lucas, licensed realtors for Baird & Warner, on May 12, 2012. The property has a fair market value of $336,000.00.

5. The property is subject to a first mortgage lien held by Bank of America, with a principal balance of $376,535.98, as indicated by the payoff letter dated April 26, 2012.

6. A second mortgage lien is held by Bank of America, in the amount of $119,622.79 as indicated by the statement dated April 25, 2012. The lien is recorded as document #0526521416.

7. The secured claim of the first mortgage of Bank of America exceeds the value of the real property, leaving nothing for Bank of America's junior lien to attach. Defendant's second mortgage lien should be void pursuant to 11 U.S.C. § 506 and § 1322(b)(2).

## CONCLUSIONS OF LAW

8. Jurisdiction lies under § 1334(b) of Title 28 U.S.C. to adjudicate, approve and enforce the Debtor's effort by Chapter 13 Plan to determine through confirmation and completion of such Plan that the Defendant's junior mortgage is no longer secured.

9. This matter is a core proceeding within the meaning of § 157(b)(1) and (2)(k) of Title 28 U.S.C. to determine the validity of a lien and is a proceeding to value the Defendant's claim under Bankruptcy Rule 3012.

10. Pursuant to § 1322(b)(2) of Title 11 U.S.C., the Court can modify the rights of holders of secured claims, other than a claim secured only by a secured interest in real property that is the debtor's principal residence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims. However, a wholly unsecured lien can be avoided and cancelled and may be eliminated through a Chapter 13 Plan. See *First Bank, Inc. vs. Van Wie*, 2003 WL 1563959 (S.D.Ind.2003); *In Re Mann*, 249 B.R. 831, 840(1st Cir.B.A.P. 2000); *In Re Lam*, 211 B.R. 36 (9th Cir.B.A.P. 1997). ~~The lien must be wholly unsecured to be avoided and cancelled~~.

11. At the time of filing this Adversary Complaint, the amount due on the first mortgage exceeded the fair market value of the property. As a result, the Defendant's second mortgage lien is wholly unsecured and may be avoided and cancelled as a matter of law pursuant to § 506 of Title 11 U.S.C.

2

12. The secured claim of Defendant's junior lien against the Plaintiff's real estate located on 807 N. Maple St., Prospect Heights, IL 60070, is valued at zero dollars.

13. The Plaintiff is entitled to a Judgment Order declaring that, upon successful completion of the Debtor's Chapter 13 Plan and entry of Debtor's discharge, the lien of the Defendant will be null and void. The Court retains jurisdiction to enter orders in aid of this judgment after the Debtor's discharge.

Respectfully Submitted,

/s/ Charles H. Shepard, Jr.
Charles H. Shepard, Jr., A.R.D.C. #6297615
Attorney for Plaintiff

DAVID M. SIEGEL & ASSOCIATES
Attorney for Plaintiff
790 Chaddick Drive
Wheeling, IL 60090
847/ 520-810

Enter:

Judge

SEP 1 0 2012